| | |
|---|---|
| RON SINGH,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF ELK GROVE; NATHAN CHAMPION,<br><br>Defendants. | No. 2:17-cv-2027 MCE DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, Ron Singh, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's second amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 6.) Plaintiff's second amended complaint alleges generally that the defendants engaged in an illegal search and seizure.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's second amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned recommends that the second amended complaint be dismissed without leave to amend.

////

1

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.  Plaintiff's Second Amended Complaint

As was true of the original complaint and the amended complaint, the second amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the four-page second amended complaint consists almost entirely of vague and conclusory allegations. The second amended complaint's factual allegations are, essentially, as follows:

> The subject property is located at 6136 Demonte Way, Elk Grove, California. In 2017, the Elk Grove City had illegal surveillance at the subject property without any warrant. Almost every week on different occasions within last two years including on January 16, 2016, on March 15, 2016, on September 18, 2016, on December 28, 2016, on January 9, 2017 and on September 9, 2017, the Elk Grove City Police and Nathan Champion *both together* illegally trespassed the subject property, illegally damaged the doors, windows and other fixtures the (sic) subject property and illegally seized the personal properties of plaintiffs (sic) without any warrant but with a CORRUPT *conspiracy to take the properties of plaintiffs* (sic) *illegally*.
>
> ***
>
> In 2017, the Police Chief and the attorneys for the City of Elk Grove admitted the following: All the stated acts were done under their direction; they are the final decisionmakers for all the stated acts; and The City has a policy, practice and custom for such said acts.

(Sec. Am. Compl. (ECF No. 6) at 2) (emphasis in original).

Surrounding these vague factual allegations are vague and conclusory legal allegations. For example, the second amended complaint alleges that "[t]his action is brought pursuant to 42

3

U.S.C. section 1983, 42 U.S.C. section 1985" against defendants for the violations "of rights secured to plaintiffs . . . including the Fourth, Fifth, and Fourteenth Amendments" as well as the "equal protection Clause and Due Process Clause also." (Id. at 1.) Added as defendant in the second amended complaint is defendant "City of Elk Grove Police Officer David Moser." (Id.) The second amended complaint, however, does not allege any facts with respect to defendant Moser.

As plaintiff has been repeatedly advised, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, as was true of plaintiff's prior complaints, the second amended complaint does not explain how defendant Nathan Champion acted under color of state law. In this regard, the second amended complaint asserts that this action is brought pursuant to 42 U.S.C. § 1983. (Sec. Am. Compl. (ECF No. 6) at 1.) To state a cause of action under 42 U.S.C. § 1983, a complaint must allege: "(1) that defendant was acting 'under color of state law' at the time of the acts complained of, and (2) that defendant deprived plaintiff of [a] right, privilege, or immunity secured by the Constitution or Laws of the United States." Freier v. New York Life Insurance Co., 679 F.2d 780, 783 (9th Cir. 1982); see also Cobine v. City of Eureka, 250 F.Supp.3d 423, 437 (N.D. Cal. 2017) ("In order to state a claim under Section 1983 for violation of the Constitution, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law."). "[P]rivate parties are not generally acting under color of state law, and . . . 'conclusionary allegations, unsupported by facts, will be

4

rejected as insufficient to state a claim under the Civil Rights Act.'" Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (quoting Jones, 733 F.2d at 649).

With respect to defendant City of Elk Grove, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). Thus, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom."). Here, the second amended complaint fails to allege these minimum requirements.

////

////

**III.     Leave to Amend**

For the reasons stated above, plaintiff's second amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above and plaintiff's repeated inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile. See ECF Nos. 3 & 5.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 29, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's June 4, 2018 second amended complaint (ECF No. 6) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2018

DLB:6
DB/orders/orders.pro se/singh2027.dism.f&rs

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE