UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF ELK GROVE; NATHAN CHAMPION,<br><br>　　　　　Defendants. | No. 2:17-cv-2027 MCE DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　Plaintiff, Ron Singh, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  After twice dismissing plaintiff's complaints with leave to amend, on October 16, 2018, the undersigned issued finding and recommendations recommending that plaintiff's second amended complaint be dismissed without leave to amend.  (ECF No. 8.)  In response, plaintiff filed a motion for leave to amend together with a proposed third amended complaint.  (ECF No. 10.)

　　　　Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Here, the deadline for plaintiff to amend as a matter of course has long since expired.

Nonetheless, "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). In light of plaintiff's pro se status and in the interest of justice, plaintiff's motion for leave to amend will be granted, the October 16, 2018 findings and recommendations vacated, and the proposed third amended complaint deemed the operative pleading in this action.

However, as plaintiff has been repeatedly advised, the court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, just as the original complaint, the first amended complaint, and the second amended complaint were deficient, plaintiff's third amended complaint is also deficient. Accordingly, for the reasons stated below, the undersigned recommends that the third amended complaint be dismissed without leave to amend.

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.    Plaintiff's Third Amended Complaint

Consistent with plaintiff's prior attempts at drafting a complaint, the third amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, the third amended complaint consists almost entirely of vague and conclusory allegations.

For example, the third amended complaint alleges that "**the City imposed unnecessary penalties and threatened for arrest and to impose extraordinary penalties if plaintiffs do not keep nuisance creator illegal occupants comfortable in plaintiffs' property and forced plaintiffs to pay the bills of criminals**." (Third Am. Compl. (ECF No. 10) at 7) (emphasis in original).  That "**THE CITY'S LIABILITY ORIGINATES FROM FORCING OWNERS TO KEEP CRIMINALS AND TO PAY THE BILLS OF CRIMINALS**." (Id. at 8.)  And that the "Defendants willfully interfered with Plaintiffs' possession of properties and deprived Plaintiffs of the use of their properties." (Id. at 9.)

The undersigned has repeatedly advised plaintiff that, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Moreover, with respect to defendant City of Elk Grove, "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a

policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). Thus, municipal liability in a § 1983 case may be premised upon: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008).

To sufficiently plead a Monell claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

Here, the third amended complaint fails to allege anything more than vague and conclusory allegations. The closest the third amended complaint comes to stating a claim are the allegations that

> [w]ithout any warning and/or without any permission to enter, on different occasions within the last two years including on January 16, 2016, on March 15, 2016, on September 18, 2016, on December 28, 2016, on January 9, 2017 and on September 9, 2017, the City of Elk Grove Police Officer Davis Moser and other Elk Grove City Police Officers illegally trespassed the subject property, illegally damages the doors, windows and other fixtures [of] the subject property and illegally seized the personal properties of plaintiffs without any warrant under the direction of the Police Chief and City Attorney in retaliation to plaintiffs' remarks about the City.

(Third Am. Compl. (ECF No. 10) at 7.)

5

Although officer David Moser is named as a defendant in the third amended complaint, it is unclear from the above allegations exactly what the third amended complaint is alleging defendant Moser—and not the other unnamed police officers—did wrong. And the third amended complaint does not allege a specific cause of action against defendant Moser, let alone the elements of a cause of action.

Although "Rule 8 . . . does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (quotation omitted).

### III. Leave to Amend

For the reasons stated above, plaintiff's third amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the third amended complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above and plaintiff's repeated inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile. See ECF Nos. 3 & 5.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 31, 2018 motion for leave to amend (ECF No. 10) is granted;

2. The proposed third amended complaint is deemed the operative complaint in this action; and

3. The October 16, 2018 findings and recommendations (ECF No. 8) are vacated.

////

////

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 29, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's October 31, 2018 third amended complaint (ECF No. 10) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2019

[signature]

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/singh2027.dism.f&rs2

7